```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

  JACK'S EGG FARM, INC., et al.,

                        Plaintiffs,         MEMORANDUM & ORDER
                                            23-CV-0965(EK)(RML)
              -against-

  GMTC FOOD SERVICES, LLC, et al.,

                        Defendants.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

The plaintiffs here — Jack's Egg Farm, Jacob Neustadt, Mordecai Neustadt, and Faith McGinnis — have applied for a temporary restraining order. They seek to compel certain defendants to release, for Plaintiffs' "immediate collection," 172 pallets of flour that allegedly belong to Jack's. Proposed Order to Show Cause 2, ECF No. 17. The proposed order would be directed to Alberto McGregor, Sweet New England Company, Inc. (d/b/a Sugar Depot), and New England Flour Corp. *Id.* Affirmation of Faith McGinnis ¶ 2, ECF No. 17-1. These Defendants allegedly operate the New Jersey warehouse in which the flour at issue is currently being stored. *Id.* ¶¶ 2-3.

The request for a TRO is denied for two reasons.

First, Plaintiffs request relief that would alter the status quo, which is generally not permitted on a TRO application. A "temporary restraining order . . . , as is

indicated by the very word 'restraining', should issue only for the purpose of preserving the status quo and preventing irreparable harm and for just so long as is necessary to hold a hearing." *Warner Bros. Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1124 (2d Cir. 1989).[1]  Plaintiffs seek to alter the status quo by transferring possession of the flour.  Thus, the request must be denied on this basis.

Second, Plaintiffs have failed to establish irreparable harm.  TROs "are characteristically issued in haste, in emergency circumstances, to forestall irreparable harm." *Romer v. Green Point Sav. Bank*, 27 F.3d 12, 16 (2d Cir. 1994). "[A] showing of irreparable harm [is] the most important prerequisite for the issuance of a preliminary injunction." *N.A.A.C.P., Inc. v. Town of E. Haven*, 70 F.3d 219, 224 (2d Cir. 1995).  And because "[i]t is well established that in this Circuit the standard for an entry of a TRO is the same as for a preliminary injunction," *Basank v. Decker*, 449 F. Supp. 3d 205, 210 (S.D.N.Y. 2020), a showing of irreparable harm is required.

To satisfy this requirement, the "moving party must show that the injury it will suffer is likely and imminent, not remote or speculative, and that such injury is not capable of

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

being fully remedied by money damages." *N.A.A.C.P., Inc. v. Town of E. Haven*, 70 F.3d 219, 224 (2d Cir. 1995); *see also Wisdom Imp. Sales Co. v. Labatt Brewing Co.*, 339 F.3d 101, 113 (2d Cir. 2003) ("irreparable harm" is "certain and imminent harm for which a monetary award does not adequately compensate"). For two reasons, Plaintiffs have failed to make this showing.

First, Plaintiffs have not demonstrated that money damages would fail to remedy any losses arising from their being deprived of the flour. They assert that the flour has "a wholesale value of approximately $200,000 and a retail value much higher" and that they need access to it "before it spoils or otherwise becomes unusable." Affirmation of Mordecai Neustadt ¶ 6, ECF No. 17-2. But they have not explained why, even if the flour spoils, they could not be adequately compensated at the conclusion of this case by a damages award against the Defendants responsible. Because "only harm shown to be non-compensable in terms of money damages provides the basis for awarding injunctive relief," *Wisdom Imp. Sales Co.*, 339 F.3d at 113-14, relief must be denied on this basis.

Second, Plaintiffs have not shown that the threatened injury is sufficiently imminent to justify the issuance of an *ex parte* TRO, without waiting for more fulsome briefing on a preliminary injunction. Although they assert that the flour will spoil at some point, they do not say when — let alone claim

3

that such spoilage would occur before the Court has an opportunity to consider a request for a preliminary injunction. The one key date that Plaintiffs point to is Passover. They assert that the flour "is special flour that is used . . . to make Matzo" for that holiday and "will not be worth anything to the local Jewish community in May or afterwards because Passover will have already come and gone this year." *Id.* ¶ 5. But Passover begins on April 5, 2023 this year, leaving ample time for the Court to rule on a preliminary injunction in advance of that holiday.

For these reasons, the request for a TRO is denied. By 6:00 p.m. on February 17, 2023, Plaintiffs are directed to serve on Defendants a copy of Plaintiffs' Complaint, their papers in support of their request for injunctive relief, and this Order, and to file proof of service on the docket.

Additionally, as noted, Plaintiffs assert that the flour is located in a New Jersey warehouse. *Id.* ¶¶ 2-3. The sugar deliveries at issue in this case also took place in New Jersey. Compl. ¶ 31, ECF No. 1. Accordingly, by February 21, 2023, Plaintiffs are directed to show cause why this case should not be transferred to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a).

An in-person conference will be held at 10:00 a.m. on February 24, 2023 in Courtroom 6G North, provided that no order of transfer has issued before such time and date.

SO ORDERED.

                                             /s/ Eric Komitee
                                             ERIC KOMITEE
                                             United States District Judge

Dated:    February 16, 2023
           Brooklyn, New York